IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALONZO DAVIS,

                                                   ORDER

                    Plaintiff,

                                     15-cv-157-bbc

          v.

DEPARTMENT OF MENTAL
HEALTH DIVISION,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Alonzo Davis has filed a 12-page, typed complaint against a defendant that he calls "Department of Mental Health Division" in he alleges that he was mistreated by police officers and medical staff in various ways. Having reviewed the complaint in accordance with 28 U.S.C. § 1915, I am dismissing it without prejudice to plaintiff's filing an amended complaint that corrects the problems discussed in this order.

A threshold problem with plaintiff's complaint is that he has not named a proper defendant. "The Department of Mental Health Division" does not appear anywhere in the body of his complaint and I am not aware of any entity in Wisconsin with that name. It may be that plaintiff intended to sue what he refers to as the "Milwaukee Behavioral Division," an entity identified many times in the body of the complaint. An internet search reveals that Milwaukee County has a Behavioral Health Division. Although the Behavioral Health Division cannot be sued, Milwaukee County can be. Best v. City of Portland, 554

1

F.3d 698 (7th Cir. 2009); <u>Chan v. Wodnicki</u>, 123 F.3d 1005, 1007 (7th Cir. 1997).

The general rule is that a plaintiff must identify the party or parties he wishes to sue in the caption of his complaint. <u>Myles v. United States</u>, 416 F.3d 551, 551 (7th Cir. 2005). The court cannot amend the complaint for him. Accordingly, I am dismissing the complaint and giving plaintiff an opportunity to name the proper party or parties he wishes to sue.

If plaintiff chooses to file an amended complaint, he should consider several things. First, to the extent he means to contend that the actions discussed in his complaint violated his constitutional rights, the allegations in his complaint do not state a claim upon which relief may be granted against Milwaukee County. A political unit such as a county may not be sued for a constitutional violation unless the county has a policy or practice that caused the alleged violation. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691 (1978). A county cannot be held liable simply because it is the employer of individuals who violated the plaintiff's rights. If plaintiff wishes to sue any individuals, he should include their names in the caption and explain in the body of his complaint what he believes each of them did to violate his rights.

A more general point is that plaintiff should try to rewrite his complaint so that it is easier to understand what happened to him. In its current form, it is difficult to know the scope of his claims. The first eight pages of plaintiff's complaint consist primarily of descriptions of general legal concepts and citations to Wisconsin case law and statutes. He does not explain how this information relates to his claims or why he included it. Toward the end of his complaint, under the heading "statement," he includes a number of allegations

concerning health care staff and police officers, though it is not exactly clear how all the allegations are related.

First, he says that his "honesty about [his] HIV status with the staff at the Milwaukee Behavioral Division was the only reason why [he] was admitted to Froedtert Hospital without consent and it was the only reason why [he] was held for 25 days, under accusations of 'fever.'" He provides no context for this allegation. He adds that tests approved by staff at the Behavioral Division left him disabled and unable to walk.

Second, plaintiff says that medical staff tested him for HIV without his consent, even though he told them that he was HIV positive before the test. He makes this allegation several times, but it is not clear whether he believes the test is related to the involuntary commitment or the alleged disability.

Third, plaintiff says that Milwaukee police officers tackled him, handcuffed him and pointed guns at him without justification after he reported a stolen vehicle at the police station. He also says that a Milwaukee police officer "falsely detained, imprisoned and sent [him] to the Milwaukee Behavioral Division . . . for unknown reasons." He does not say whether the incident at the police station led to his treatment at the Behavioral Division or whether that incident is related to his involuntary commitment.

If plaintiff chooses to file an amended complaint, he should draft it as if he were telling a story to people who know nothing about his situation. This means that plaintiff should write out the facts in the order that they occurred instead of jumping back and forth among different events. To the extend that he is able, he should provide dates for everything

3

he discusses in his complaint and explain how all of the events are related.  He should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he is finished drafting his complaint, he should review the complaint and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make any necessary changes.   To help plaintiff with this process, I have attached a form that plaintiff may use to draft his amended complaint.

In addition to these general suggestions, there are a number of specific questions that plaintiff should try to answer in an amended complaint:

- Plaintiff refers to "the assault and threats that [he] had received from the Milwaukee police the night before" he went to the police station.  How did plaintiff come into contact with the police the previous night and what happened that led to the assault and threats?  What was the nature of the assault and threats?

- Why did plaintiff first have contact with the Behavioral Health Division?  Did he choose to go there?  Did police officers take him there?  Did the incident at the police station lead to plaintiff's being taken to the Behavioral Health Division?  When did this occur?

- Why does plaintiff believe that his disclosure of his HIV status is the reason he was detained at the hospital?

- Did plaintiff receive a physical or mental health diagnosis from health care staff before or after he was detained?  If so, what was the diagnosis?

- Who made the decision to detain plaintiff at the hospital?  What reason or reasons did plaintiff receive for his detention?  What reason or reasons did he receive for his later release?  Be as specific as possible.

- Plaintiff says that he was detained "16 days longer than the court ordered." Did plaintiff have a court hearing before or after he was detained?  If so, what happened at that hearing?  Has plaintiff been involved in other court proceedings related to the events in this case?  If so, describe those

4

proceedings and explain how those proceedings were resolved.

•   What particular conduct by health care staff does plaintiff believe caused his disability?

•   What is the nature of plaintiff's disability?  Does plaintiff's condition have a name?  What effects does the disability have on plaintiff's body?

•   Plaintiff says that he discovered that his rights had been violated when he compared his hospital records to the records of the Behavioral Health Division.  What was in those records that made plaintiff believe that his rights had been violated?

Finally, if plaintiff chooses to amend his complaint, he must file a document that can *replace* his complaint rather than just supplement it.  As I have informed other pro se plaintiffs, "parties are not allowed to amend a pleading by simply adding to or subtracting from the original pleading in subsequent filings scattered about the docket.  If [plaintiffs] wish to amend their complaint, they must file a proposed amended complaint that will completely replace the original complaint. . . . [T]here can be only one operative complaint in the case." Boriboune v. Berge, No. 04-C-15-C,  2005 WL 256525, *1  (W.D. Wis. Jan. 31, 2005).

The reason for such a rule is plain enough.  If the "operative pleading" consists of multiple documents, the scope of the plaintiff's claims becomes unclear and it becomes difficult if not impossible for the defendants to file an answer.  To avoid ambiguity, the complaint must be self-contained.  Thus, if plaintiff files an amended complaint and he omits any allegations from the original complaint, I will construe the omission as a decision to remove those allegations from the case.

5

ORDER

IT IS ORDERED that plaintiff Alonzo Davis may have until April 13, 2015, to file

an amended complaint that addresses the problems discussed in this order.  If plaintiff does

not respond by that date, I will dismiss the complaint for failure to state a claim upon which

relief may be granted and direct the clerk of court to close the case.

Entered this 24th day of March, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6